UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TERRENCE ANDREWS,<br>Plaintiff,<br>v.<br>ROBERT PITTMAN, et al.,<br>Defendants. | Case No. 25-cv-03390-SK<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |

Plaintiff Mark Terrence Andrews, who is representing by counsel, filed this action on April 24, 2025. (Dkt. No. 2.) All parties consented to the jurisdiction of a magistrate judge. (Dkt. Nos. 11, 13.) Defendants filed a motion to dismiss Plaintiff's complaint on June 26, 2025. (Dkt. Nos. 20, 23.) Plaintiff did not timely file an opposition to the motion. Plaintiff did file a motion to disqualify Defense Counsel. (Dkt. No. 26.)

Due to Plaintiff's failure to oppose Defendants' motion, the Court issued an order to show cause warning Plaintiff that "failure to prosecute may result in dismissal of Plaintiff's case under Federal Rule of Civil Procedure 41(b)" and requiring Plaintiff to show cause in writing by no later than July 29, 2025, why this case should not be dismissed for failure to prosecute. (Dkt. No. 31.)

That date has now passed, and Plaintiff has not filed an opposition to the motion to dismiss or responded to the order to show cause. Accordingly, and for the reasons set forth below, this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Federal Rule of Civil Procedure 41(b) permits a district court to *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the following factors are weighed: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

1  docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic
2  alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v.*
3  *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  In this case, four of the five factors weigh in favor of
4  dismissal.
5       The first two factors—the public interest in expeditious resolution of litigation and the
6  Court's need to manage its docket—relate to the "efficient administration of judicial business for
7  the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana,*
8  *S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  Plaintiff has not filed an opposition or responded to the
9  Court's order to show cause, despite being given ample time to do so.  Such non-compliance has
10 delayed litigation, *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999), and
11 "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket,"
12 *Pagtalunan*, 291 F.3d at 642.
13      As to the third factor—delay is presumed to prejudice defendants, but the plaintiff may
14 rebut that presumption by presenting a non-frivolous excuse for delay.  *In re Eisen*, 31 F.3d 1447,
15 1452-53 (9th Cir. 1994).  Plaintiff has not come forward with any excuse for his untimeliness,
16 despite the Court's request for such information.
17      The fourth factor likewise favors dismissal, as less drastic sanctions have not been
18 effective.  The Court has an "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*
19 *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).  The Court did so in its order to show cause, and
   Plaintiff still did not respond.
20      The last factor, which favors disposition on the merits, by definition weighs against
21 dismissal.  *Pagtalunan*, 291 F.3d at 643.
22      In sum, because four of the five factors weigh in favor of dismissal, the Court concludes
23 that dismissal of this action for failure to prosecute is warranted.  S*ee Hernandez v. City of El*
24 *Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (dismissal is appropriate "where at least four factors
25 support dismissal . . . or where at least three factors 'strongly' support dismissal") (internal
26 quotation marks and citation omitted).
27      The Court thus DISMISSES this action WITHOUT PREJUDICE.  Defendants' motion to
28 dismiss and Plaintiff's motion to disqualify counsel are DENIED AS MOOT.  The order to show

cause is DISCHARGED.

**IT IS SO ORDERED**.

Dated: July 30, 2025



SALLIE KIM
United States Magistrate Judge